Gail Lin Chung, Cal St. Bar. No. 212334
OUTTEN & GOLDEN LLP
1 Embarcadero Center
San Francisco, CA 94111
Tel: (415) 638-8800
Email: gl@outtengolden.com

Jack A. Raisner[1]
René S. Roupinian[2]
Robert N. Fisher, Cal St. Bar. No. 302919
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Tel.:  (212) 245-1000
Email: rsr@outtengolden.com
Email: jar@outtengolden.com
Email: rfisher@outtengolden.com

Attorneys for Plaintiff Michael Flaker, on behalf of
himself and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

MICHAEL FLAKER on behalf of himself
and all others similarly situated,

     Plaintiff,

v.

VERENGO INC.,

     Defendant.

CASE NO. _____

### CLASS ACTION COMPLAINT FOR
### (1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.
### AND (2) VIOLATION OF CALIFORNIA LABOR CODE § 1400 ET SEQ.

    Plaintiff Michael Flaker ("Plaintiff") alleges on his own behalf and the class of those similarly situated as follows:

---

[1 and 2] Not admitted to the Bar of the U.S. District Court C.D. Cal.  Applications for admission *pro hac vice* to be filed.

## NATURE OF THE ACTION

1.　　Defendant purports to be Southern California's leading installer of residential solar panels.  Defendant employed Plaintiff in its canvassing unit to supervise a team of canvassers who knocked on homeowners' doors to set up sales appointments.

2.　　On or about January 21, 2016, Defendant terminated its canvassing unit, comprising Plaintiff and approximately 86 similarly-situated canvassers, without providing any advance notice.

3.　　The Plaintiff brings this action on behalf of himself, and the other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, the mass layoffs or plant closings ordered by Defendant on or about January 21, 2016 and within thirty  (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and the California Labor Code § 1400 *et seq*. ("CAL WARN Act").

4.　　Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and California Labor Code §1403 from Defendant.

## JURISDICTION AND VENUE

5.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, and 29 U.S.C. § 2104(a)(5).

6.　　A violation of the WARN Act alleged herein occurred in Los Angeles county.

7.　　Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

# THE PARTIES

### *Plaintiff*

8.     Plaintiff Michael Flaker was employed by Defendant, and reported to the Defendant's headquarters located at 20285 South Western Avenue, Suite #200 in Torrance, California (the "Torrance Facility") until his termination on or about January 21, 2016.

9.     Plaintiff was a mobile employee who was employed by Defendant to canvass neighborhoods to generate sales leads.  He supervised a team of approximately 17 other canvassers.  Plaintiff's team was one of eight in the canvassing unit.  The eight canvassing teams covered Los Angeles as well as Orange County and San Diego.

10.    Plaintiff and the other canvassing supervisors reported directly to a manager who worked at the Torrance Facility.  That manager, in turn, reported to the executive in charge, who also was based at the Torrance Facility.

11.    Plaintiff communicated with his Torrance-based managers daily.  Plaintiff periodically reported in person to the Torrance Facility for meetings and other business.  Plaintiff and the other canvassing unit members were tethered to the Torrance Facility by company-distributed IPads which continuously reported their movements back to the Torrance Facility. Torrance-based managers tracked each of the unit members' activities in real time, even their door knocks.  The canvassing unit members did not report to or receive direction from managers associated with any other physical site of Defendant than the Torrance site.

### *Defendant*

12.    Upon information and belief and at all relevant times, Defendant Verengo Inc. ("Verengo") is a Delaware corporation, located at 20285 South Western Avenue, Suite #200 in Torrance, California.

13.   Until on or about January 21, 2016, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to the Torrance Facility, or at other facilities operated by Defendant  (the "Facilities").

**WARN ACT CLASS ALLEGATIONS**

14.   Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of Defendant who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about January 21, 2016 and within 30 days of that date, or as the reasonably foreseeable consequence of the facility or operating unit closings ordered by Defendant on that date, pursuant to 29 U.S.C. § 2104(a)(5).

15.   The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

16.   On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

17.   On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

18.   There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

19.   There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)   whether the Class Members were employees of the Defendant who worked at or reported to one of Defendant's Facilities;

(b)     whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c)     whether Defendant paid the Class members 60 days wages and benefits as required by the WARN Act.

20.     The Plaintiff's claim is typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about January 21, 2016, due to the mass layoffs and/or plant closings ordered by Defendants.

21.     The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

22.     Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

25.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

## CALIFORNIA WARN CLASS ALLEGATIONS, Cal. Labor Code § 1401

26.     Plaintiff brings the Second Claim for Relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about January 21, 2016 (the "CAL WARN Class")

27.     The persons in the CAL WARN Class identified above ("CAL WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

28.     On information and belief, the identity of the members of the class and the recent residence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

29.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

30.     Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

(a)      whether the members of the CAL WARN Class were employees of the Defendant;

(b)      whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c)      whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

31.      The California Class Plaintiff's claims are typical of those of the CAL WARN Class.  The California Class Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated on or about January 21, 2016, due to the termination of the Facilities ordered by Defendant.

32.      The California Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class.   The California Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

33.      Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

34.     Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

35.     The California Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

### CLAIM FOR RELIEF

### Federal WARN Act Cause of Action

36.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37.     At relevant times, Defendant employed more than 100 employees who worked an aggregate of at least 4,000 hours per week, exclusive overtime hours, within the United States.

38.     At all relevant times, the Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

39.     At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

40.     On or about January 21, 2016, and within 30 days thereafter, the Defendant ordered plant closings at its Facilities or a shutdown of an operating unit, as those terms are defined by 29 U.S.C. § 210l(a)(2).

41.     The Torrance Facility closing resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees at the Torrance Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

42.     The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the facility or operating unit closing ordered by Defendant at the Torrance Facility or at  its other Facilities within the meaning of 29 U.S.C. § 2101(a)(2).

43.     The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

44.     Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

45.     Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

46.     The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

47.     Defendant failed to pay the Plaintiff and each of the Class Members their respective commissions and bonuses for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

**<u>Violation of California Labor Code - § 1400 *et seq*.</u>**

48.     Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

49.     The California Class Plaintiff and similarly situated employees who worked at or reported to Defendant's facilities in California and other "covered establishments," are former "employees," of Defendant as defined in Labor Code § 1400(a),(h).

50.     Defendant terminated the employment of California Class Plaintiff and other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400(d-f) on or about January 21, 2016 or thereafter.

51.     At all relevant times, Defendant was an "employer" as defined in Labor Code § 1400(b).

52.     Defendant violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

53.     As a result of Defendant's violation of Labor Code § 1401, the other similarly situated California employees are entitled to damages under Labor Code § 1402 in an amount to be determined.

54.     As a result of Defendant's violation of Labor Code § 1401, Defendant is subject to a civil penalty of not more than five hundred dollars ($500) for each day of the violation, under Labor Code § 1403.

55.     The California Class Plaintiff has incurred and the other similarly situated employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code § 1404.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A.      Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b), Plaintiff and the other similarly situated former employees constitute a single class;

B.      Designation of the Plaintiff as Class Representative;

C.      Appointment of the undersigned attorneys as Class Counsel;

D.      A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4) and Labor Code § 1402(a);

E.      Interest as allowed by law on the amounts owed under the preceding paragraph;

F.      Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and Labor Code §1404, and

G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: May 3, 2016

/s/ Gail Lin Chung
Gail Lin Chung, Cal St. Bar. No. 212334
OUTTEN & GOLDEN LLP
1 Embarcadero Center
San Francisco, CA 94111
Tel: (415) 638-8800
Email: gl@outtengolden.com

Jack A. Raisner
René S. Roupinian
Robert N. Fisher, Cal St. Bar. No. 302919
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Tel.:  (212) 245-1000

1

Fax:  (646) 509-2070
Email: rsr@outtengolden.com

2

Email: jar@outtengolden.com
Email: rfisher@outtengolden.com

3

*Attorneys for Plaintiff Michael Flaker and the*

4

*putative class*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28